A. E. RAINOLD, Judge ad hoc.
Plaintiff-appellant claims ownership of a certain Ford truck which it caused to be seized under a writ of sequestration while in possession of defendant-appellee. Plain *816 tiff bases its claim on the fact that on January 19, 1961, it ordered from Pearce Ford, Inc., a Ford truck with a special body and other equipment to be installed on the chassis by Pearce Ford, Inc., after its arrival in New Orleans. Plaintiff made an initial deposit of $707.30 on the purchase price of $6,029.18, and it was agreed that, at the time of delivery, plaintiff would liquidate the balance by the surrender of a 1956 Ford truck with an allowance of $800.00 thereon and pay the balance of $4,521.88.
The cab and chassis were delivered to Pearce Ford, Inc., on March 11, 1961. Pearce Ford, Inc., was then in financial difficulties. On March 10, 1961, prior to the arrival of the cab and chassis in question, Associates Discount Corporation caused the Civil Sheriff to seize, by executory process, all the vehicles in possession of Pearce Ford, Inc., against which they held chattel mortgages executed prior to the arrival of the cab and chassis. Pearce Ford, Inc., later went into judicial liquidation.
In view of this situation, and the financial plight of Pearce Ford, Inc., the special body and other equipment called for by the purchase agreement were never installed. Some few days after the arrival of the cab and chassis, the Ford Motor Company of Arabi, having been notified that the purchase price of the cab and chassis had not been paid, took and continued possession of it until seized in this proceeding as all sales to dealers by the Ford Motor Company are made on a cash basis.
The question presented is who had title to the Ford cab and chassis at the time it arrived at Pearce Ford, Inc., in New Orleans. Plaintiff contends it owns the cab and chassis by virtue of LSA-Civil Code Articles 2439 and 2456, which reads as follows :
“Art. 2439. The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.”
“Art. 2456. The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
The consent of plaintiff and Pearce Ford, Inc., is evidenced by the document dated January 1, 1961. The price, $6,029.18, is stated in the document. The object which Pearce Ford, Inc., agreed to sell to plaintiff never came into existence, that is, a specially equipped truck, composed of a cab and chassis.
The trial judge, in a well reasoned opinion, properly held that there never was a property or thing within the intendment of Articles 2439 or 2456 of the LSA-Revised Civil Code and we quote, with approval, from his opinion:
“* * * 2439 (2414) (N1528). SALE CONTRACT DEFINED — ESSENTIALS. — The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to-wit: the thing sold, the price and the consent.
“Under the facts of this case the 'thing* never came into existence. Consequently, the plaintiff did not have title to the truck sequestered in this case.
“The writ of sequestration will be dissolved.”
The truck to be traded for $800.00 was to be delivered and the balance of the purchase price ($4,521.88) paid concurrently with delivery of the completed truck to plaintiff by Pearce Ford, Inc. This cash agreement was the only transaction contem *817 plated between the parties. The record shows that plaintiff has never delivered the truck to be traded nor paid the balance of the purchase price.
Accordingly, the judgment of the trial court is affirmed at appellant’s costs. However, since it does not appear from the record that a hearing was held to establish the amount of damages and attorney’s fees due Ford Motor Company involved in the execution and dissolution of the sequestration, and damages to which the Ford Motor Company may be entitled resulting from the fact that the cab and chassis have been in possession of and used by plaintiff since issuance of the writ of sequestration, the matter is remanded to the district court for such purpose.
Affirmed and remanded.